TODD E. WHITMAN (BAR NO. 173878)
CYNTHIA M. JARA (BAR NO. 212011)
JENNIFER C. BERCOVICI (BAR NO. 252373)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1901 Avenue of the Stars, Suite 1800
Los Angeles, California 90067-6019
Phone: (310) 788-2400
Fax: (310) 788-2410
E-Mail: twhitman@allenmatkins.com
        cjara@allenmatkins.com
        jbercovici@allenmatkins.com

Attorneys for Plaintiff
j2 GLOBAL COMMUNICATIONS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>PROTUS IP SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. CV-06-0566 DDP (AJWx)<br><br>The Honorable Dean D. Pregerson<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO 1) MODIFY THE SCHEDULING ORDER FOR THE LIMITED PURPOSE OF AMENDING THE COMPLAINT TO ALLEGE LIABILITY UNDER NEWLY DISCOVERED GROUNDS; AND 2) AMEND THE COMPLAINT<br><br>DATE:   December 15, 2008<br>TIME:    10:00 a.m.<br>CTRM:   3<br><br>Discovery Cutoff:  June 8, 2009<br>Pre-Trial Conference: Sept 21, 2009<br>Trial Date: Sept 29, 2009 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

-1-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ......................................................................................... 2

II.    STATEMENT OF RELEVANT FACTS ...................................................... 3

    A.     The Complaint and the Scheduling Order .......................................... 3

    B.     The TCPA's Opt Out Notice Requirements ......................................... 4

    C.     The July 2008 Order in MSG Jewelers ................................................ 5

III.   J2 HAS SATISFIED THE "GOOD CAUSE" STANDARD
      UNDER RULE 16(B) FOR AMENDMENT OF THE
      SCHEDULING ORDER ............................................................................... 6

IV.    PROTUS' ANTICIPATED ARGUMENTS THAT J2 DOES
      NOT MEET THE GOOD CAUSE STANDARD OF RULE 16
      ARE TO NO AVAIL ..................................................................................... 8

V.     THE COURT SHOULD, IN ITS DISCRETION, GRANT J2
      LEAVE TO FILE ITS PROPOSED FIRST AMENDED
      COMPLAINT UNDER RULE 15(A) .......................................................... 8

    A.     Amendment Will Not Prejudice Protus .............................................. 9

    B.     The Proposed Amendment Is Not Made in Bad Faith ...................... 10

    C.     The Proposed Amendment Is Not Futile ........................................... 10

    D.     Amendment Will Not Cause Undue Delay ........................................ 11

VI.    CONCLUSION ........................................................................................... 11

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

(i)

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, Inc.,
989 F.Supp. 1237, 1241 (N.D. Cal. 1997).................................................. 11

Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)........................ 10

Compression Labs, Inc. v. Oklahoma State Univ. Educ. and Research
Found., Inc., 1995 WL 241438, at *2 (N.D. Cal. Apr. 19, 1995) ............... 10

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) .................................................. 10, 11

DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)............... 9, 10

Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D.
Cal. 1996)............................................................................................. 6, 8

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.
2003) .......................................................................................................... 8

Foman v. Davis, 371 U.S. 178, 182 .................................................................. 10

Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530 (N.D. Cal.
1989).................................................................................................... 9, 11

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir.
1992) ................................................................................................... 6, 7, 8

Klein v. Vision Lab Telecomms., Inc., 399 F. Supp. 2d 528, 540
(S.D.N.Y. 2005)........................................................................................... 6

Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ....................... 10

Morango Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th
Cir. 1990).................................................................................................... 9

MSG Jewelers, Inc. v. C &C  Quality Printing, Inc., Cause No. 07AC-
028676 E CV, Circuit Court of the County of St. Louis, State of
Missouri ................................................................................... 2, 5, 6, 7, 8, 10

Oxcaal v. Internet Pictures Corp., 2002 US. Dist. LEXIS 5178, at *2-3
(N.D.N.Y. March 27, 2002)........................................................................ 7

Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)...................... 11

United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) ................................ 11

## Statutes

47 C.F.R. §64.1200(a)(3)(iii) ............................................................................ 4

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

(i)

| | Page(s) |
|---|---|
| 47 U.S.C. § 227 | 3, 5 |
| 47 U.S.C. § 227(b) | 6 |
| 47 U.S.C. § 227(b)(2)(D) | 8, 9, 10 |
| 47 U.S.C. § 227(d) | 6 |
| 47 U.S.C. § 227(f)(1), (7) | 6 |
| 47 U.S.C. § 503(b)(1), (5) | 6 |
| 47 U.S.C. §227(b) | 4, 6 |
| 47 U.S.C. §227(b)(1)(C)(iii) | 4 |
| 47 U.S.C. §227(b)(2)(D) | 2, 4, 5, 6, 7, 12 |
| 47 U.S.C. §227(b)(3) | 5 |
| California Business & Professions Code §§ 17200, *et seq* | 3 |
| Fed. R. Civ. P. 15(a) | 8 |
| Fed. R. Civ. P. 16(b) | 6 |

**Regulations**

| | |
|---|---|
| 47 C.F.R. § 68.318(d) | 3 |
| 47 C.F.R. §64.1200(a)(3)(iv) | 2, 5, 6, 7, 8, 9, 10, 12 |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION.**

j2 seeks leave from this Court to file a First Amended Complaint.  The First Amended Complaint adds a single cause of action that alleges liability under 47 U.S.C. §227(b)(2)(D) of the Federal Telephone Consumer Protection Act ("TCPA"), and 47 C.F.R. §64.1200(a)(3)(iv), the regulations promulgated under this section.[1] This section of the TCPA and its accompanying regulations require a sender of facsimile advertisements to include certain notice provisions on the facsimiles to provide recipients with a way to opt-out from receiving additional facsimiles.  j2 has evidence that Protus transmitted thousands of fax advertisements that violated 47 U.S.C. §227(b)(2)(D) and 47 C.F.R. §64.1200(a)(3)(iv), and seeks to file a First Amended Complaint to include an appropriate cause of action so that Protus can be held liable for failing to include the requisite notice provisions.

As discussed herein, j2 has been nothing but diligent for the duration of this lawsuit, and in seeking leave to amend.  j2 recently became aware of a federal court order in the case of MSG Jewelers, Inc. v. C &C  Quality Printing, Inc., Cause No. 07AC-028676 E CV, Circuit Court of the County of St. Louis, State of Missouri ("MSG Jewelers"), which recognized the rights of private plaintiffs to assert claims for violations of the aforementioned statute and accompanying regulations. Jara Decl., ¶ 5, Exh. D (MSG Jewelers Order).  j2 is unaware of any published decisions in the Ninth Circuit, or in California, that have recognized such a claim.  Since MSG Jewelers was not decided until after the time to amend had expired, it was impossible for j2 to seek to amend its Complaint within the time prescribed by the Scheduling Order.

---

[1] The proposed pleading is also different from the original pleading in that: 1) since the Court determined that it does not have jurisdiction over the individuals that were named as defendants in the original complaint, the individuals are no longer named defendants; 2) it omits the claim that has already been disposed of via summary judgment.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

-2-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1    Moreover, Protus will not be prejudiced from the filing of this amendment
2 and the amendment should not delay the litigation.  The amendment does not add
3 any new parties, add any claims based on new underlying facts, require deposing a
4 substantial number of new witnesses or require the production of a substantial
5 number of new documents.  Documents *already* produced by the parties – the
6 actionable faxes – are the relevant evidence for the new claim.  Either the faxes
7 contain the required notice or they do not.

8    On the other hand, j2 will be highly prejudiced if it is precluded from filing its
9 First Amended Complaint.  If j2 is not permitted to file the amended complaint, its
10 sole recourse  will be to initiate an additional action against Protus.  This will result
11 in the same discovery being conducted twice, and two trials.  Needless to say, this
12 would result in increased cost and lost time for j2, Protus, and the Court.
13 Accordingly, the Court should grant the instant Motion, and j2 should be allowed to
14 amend its Complaint.

15 **II.    STATEMENT OF RELEVANT FACTS.**

16      **A.    The Complaint and the Scheduling Order.**

17      j2 initiated this action by filing its Complaint against Protus on
18 January 30, 2006.  j2's Complaint alleged causes of action for (1) violation of the
19 TCPA under 47 U.S.C. § 227 and 47 C.F.R. § 68.318(d); (2) trespass to chattels; and
20 (3) unfair business practice under the California Business & Professions Code §§
21 17200, *et seq*. (the "Complaint").  Jara Decl., ¶ 2, Exh. A.  Protus entered its
22 appearance on March 17, 2006.  On May 12, 2006, the Court filed a Scheduling and
23 Case Management Order ("Scheduling Order") which set the deadline for joining
24 parties or amending pleadings for August 10, 2006.  Id., ¶ 3, Exh. B (Scheduling
25 Order).  On January 30, 2007, the parties filed a Stipulation to Amend the
26 Scheduling Order and jointly proposed certain dates for the Amended Scheduling
27 Order.  The same day, this Court entered an Order amending the Scheduling Order
28 per the parties' suggested dates and moved the deadline for amending pleadings to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA                                              -3-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1    September 12, 2007. <u>Id</u>., ¶ 4, Exh. C (Stipulation to Amend Case Management

2    Order and Order).

3    **B.    The TCPA's Opt Out Notice Requirements.**

4        The TCPA, at 47 U.S.C. §227(b)(1)(C)(iii), requires that all unsolicited fax

5    advertisements include a notice meeting the requirements of 47 U.S.C.

6    §227(b)(2)(D), which provides as follows:

7
8
> [A] notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

9    
> (i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

10
11
12
13
> (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the [Federal Communications] Commission, with such a request meeting the requirements under . . . [47 U.S.C. §227(b)(2)](E) is unlawful;

14
15
> (iii) the notice sets forth the requirements for a request under . . . [47 U.S.C. §227(b)(2)] (E);

> (iv) the notice includes

16
17
> (I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

18
19
> (II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement.

20    The federal regulations implemented by the Federal Communications

21    Commission pursuant to 47 U.S.C. §227(b), at 47 C.F.R. §64.1200(a)(3)(iii), also

22    require that unsolicited facsimile advertisements contain a notice that informs the

23    recipient of the ability and means to avoid future unsolicited advertisements.  A

24    notice contained in an advertisement complies with the requirements under 47

25    C.F.R. §64.1200(a)(3)(iii) only if:

26
27
> (A) The notice is clear and conspicuous and on the first page of the advertisement;

28
> (B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

-4-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1  facsimile machine or machines and that failure to comply, within 30 days,
   with such a request meeting the requirements under . . . [47 C.F.R.
2  §64.1200](a)(3)(v) . . . is unlawful;

3  (C) The notice sets forth the requirements for an opt-out request under . . . [47
   C.F.R. §64.1200](a)(3)(v);
4
5  (D) The notice includes—(1) A domestic contact telephone number and
   facsimile machine number for the recipient to transmit such a request to the
6  sender; and (2) If neither the required telephone number nor facsimile
   machine number is a toll-free number, a separate cost-free mechanism
   including a Web site address or e-mail address, for a recipient to transmit a
7  request pursuant to such notice to the sender of the advertisement.

8

9      47 C.F.R. §64.1200(a)(3)(iv) further provides that "(a) facsimile

10 advertisement that is sent to a recipient that has provided prior express invitation or

11 permission to the sender must include an opt-out notice that complies with the

12 requirements in paragraph (a)(3)(iii) of this section."

13     **C.    The July 2008 Order in <u>MSG Jewelers</u>.**

14     Not until July 2008 did it become clear that j2 had standing to sue Protus for

15 violations of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. §64.1200(a)(3)(iv).  At that

16 time, the Circuit Court of the County of St. Louis entered an Order in the case of

17 <u>MSG Jewelers</u>.  Jara Decl., ¶ 5, Exh. D.  That case involved a plaintiff that alleged

18 the defendant had transmitted unsolicited advertisements via facsimile in violation

19 of 47 U.S.C. § 227 and 47 C.F.R. §64.1200(a)(3)(iv).  <u>Id</u>., Exh. D.  The plaintiff

20 admitted that it had consented to receiving facsimile advertisements from the

21 defendant.  The defendant admitted that it had sent the fax in question to plaintiff,

22 that the fax was advertising material, and that the fax did not contain the opt out

23 notice required per 47 C.F.R. §64.1200(a)(3)(iv).  <u>Id</u>  Since the defendant admitted

24 to sending a "facsimile advertisement" that did not contain the opt-out notice as

25 described in 47 C.F.R. §64.1200(a)(3)(iv), the Court concluded that the defendant

26 violated the TCPA.  The remaining question was whether the plaintiff had standing

27 to bring suit.  The Court explained that § 64.1200 was promulgated under §

28 227(b)(3), which states that "[a] person or entity may . . . bring . . . an action based

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA                    -5-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1  on a violation of the regulations prescribed under [subsection (b)]." Id.  Subsection

2  227(b)(2)(D) instructs the FCC to enact regulations regarding a "clear and

3  conspicuous" opt-out notice that informs people of their rights.  Id.  Thus, the Court

4  concluded that a private right of action exists under 47 U.S.C. § 227(b) for §

5  64.1200 violations.

6       To the best of j2's knowledge, prior to MSG Jewelers, the issue of a private

7  plaintiff's standing to enforce 47 C.F.R. §64.1200(a)(3)(iv) was never explicitly

8  addressed by any federal court.  As a general rule, courts have held that no private

9  right of action exists for enforcing the technical requirements of the TCPA and

10 regulations promulgated under many subsections of the TCPA.  For example, courts

11 have held that no private right of action exists for violations of regulations

12 promulgated under 47 U.S.C. § 227(d).  See, e.g., Klein v. Vision Lab Telecomms.,

13 Inc., 399 F. Supp. 2d 528, 540 (S.D.N.Y. 2005).  Rather, it is the province of the

14 state attorneys general and the F.C.C. to sue fax broadcasters for technical

15 violations.  Id.  (citing 47 U.S.C. § 227(f)(1), (7); 47 U.S.C. § 503(b)(1), (5)).  Thus,

16 MSG Jewelers established that 47 C.F.R. §64.1200(a)(3)(iv) would stand in line

17 with the regulations promulgated under 47 U.S.C. § 227(b), for which a private right

18 of action exists.

19 **III.    J2 HAS SATISFIED THE "GOOD CAUSE" STANDARD UNDER**

20 **RULE 16(B) FOR AMENDMENT OF THE SCHEDULING ORDER.**

21      Once the court has entered a pretrial scheduling order pursuant to Rule 16, the

22 standards of Rule 16 rather than Rule 15 govern amendment of the pleadings.  See

23 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992);

24 Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).

25 Orders entered before the final pretrial conference may be modified only "upon a

26 showing of good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard

27 primarily considers the diligence of the party seeking the amendment.  The district

28 court may modify the pretrial schedule 'if it cannot reasonably be met despite the

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

-6-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1  diligence of the party seeking the extension.'" <u>Mammoth Recreations, Inc.</u>, 975 F.2d

2  at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983)).

3      "Events occurring after the entry of a scheduling order which were reasonably

4  unforeseeable may suffice to establish good cause" for granting leave to amend.

5  <u>Oxcaal v. Internet Pictures Corp.</u>, 2002 US. Dist. LEXIS 5178, at *2-3 (N.D.N.Y.

6  March 27, 2002).  <u>Oxcaal</u> involved a defendant, IPIX, that sought leave to amend its

7  Answer to assert an additional affirmative defense.  Since the deadline for

8  amendment set by the scheduling order had passed, iPIX had to establish good cause

9  pursuant to Rule 16.  iPIX argued that a new decision filed five months after the

10  scheduling order's deadline established the legal basis for asserting the defense of

11  laches.  The plaintiff, Oxaal, contended that the decision merely restated a legal

12  principle that existed for eighty years, and did not constitute good cause for failing

13  to assert the defense previously.  The Court reasoned that the new decision marked a

14  "significant change in the law" and that it was reasonable for iPIX to conclude that

15  this defense did not previously exist.  <u>Id.</u> at *4.  It held that the decision provided a

16  legal basis for iPIX to assert the defense of laches, and granted iPIX leave to amend

17  its answer.

18      As in <u>Oxaal</u>, good cause exists to modify the Scheduling Order in this action.

19  To date, j2 is unaware of any California or Ninth Circuit published decision that has

20  recognized a claim brought by a private plaintiff for violations of 47 U.S.C. §

21  227(b)(2)(D) and 47 C.F.R. §64.1200(a)(3)(iv).  The prospect that this Court would

22  recognize a claim under 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. §64.1200(a)(3)(iv)

23  was not substantiated until July 2008, when Judgment was entered in <u>MSG</u>

24  <u>Jewelers</u>.  This was after the Court amended the Scheduling Order and set the last

25  day to bring new claims or add new defendants as September 17, 2007. Jara Decl.,

26  ¶4.  Once j2 learned that the court in <u>MSG Jewelers</u> upheld a private plaintiff's right

27  of action pursuant to 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. §64.1200(a)(3)(iv),

28  specifically discussing the issue of standing in its Order, j2 went on to diligently

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA                    -7-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1  meet and confer with opposing counsel regarding the amendment and diligently

2  filed this Motion seeking amendment. Id., ¶7.

3  **IV.   PROTUS' ANTICIPATED ARGUMENTS THAT J2 DOES NOT MEET**

4       **THE GOOD CAUSE STANDARD OF RULE 16 ARE TO NO AVAIL.**

5       Protus may argue that discovery j2 propounded prior to July of 2008 suggests

6  that j2 was aware it had a valid claim pursuant to 47 U.S.C. § 227(b)(2)(D) and 47

7  C.F.R. §64.1200(a)(3)(iv) prior to the Order in <u>MSG Jewelers</u>. However, Protus'

8  argument fails. While j2 did conduct some discovery concerning notices on the

9  facsimiles, this discovery was aimed at bolstering j2's Unfair Business Practices

10 claim. Protus' failure to comply with the notice provision suggests a deliberate

11 concealment by Protus of its identity (and/or that of its customers) so that it could

12 not be sued for unlawful faxing. Similarly, the failure to comply with the opt-out

13 notice requirement indicates that Protus was making it more difficult for unwitting

14 junk-fax recipients to put an end to the faxing. As such, j2's prior discovery has no

15 bearing on its ability to now file a First Amended Complaint.

16 **V.   THE COURT SHOULD, IN ITS DISCRETION, GRANT J2 LEAVE TO**

17      **FILE ITS PROPOSED FIRST AMENDED COMPLAINT UNDER**

18      **RULE 15(A).**

19      After the moving party has demonstrated diligence under Rule 16, the court

20 applies the standard under Rule 15 to determine whether the amendment was proper.

21 <u>See Mammoth Recreations</u>, 975 F.2d at 608; <u>Eckert Cold Storage</u>, 943 F. Supp. at

22 1232 n.3. Once the Scheduling Order is modified, there will be no remaining

23 obstacle to granting leave to amend the complaint, as "leave shall be freely given

24 when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with

25 extreme liberality." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051

26 (9th Cir. 2003) (internal citations and quotation marks omitted). In determining

27 whether amendments are appropriate, courts commonly consider four factors: 1)

28 prejudice to the nonmoving party; 2) bad faith of the moving party, 3) delay in the

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

-8-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1  proceedings, and 4) futility of amendment.  Genentech, Inc. v. Abbott Laboratories,

2  127 F.R.D. 529, 530 (N.D. Cal. 1989) (citations omitted).

3      A.      **Amendment Will Not Prejudice Protus.**

4      "The party opposing leave to amend bears the burden of showing prejudice."

5  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) ) (internal

6  quotations and citations omitted).  In the absence of such prejudice, leave to amend

7  should be freely given.  Id.  Not only is it Protus' burden to demonstrate prejudice, it

8  must show "substantial" or "undue" prejudice.  The typical prejudice that results

9  from almost every amendment to the complaint will not suffice.  Morango Band of

10 Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (to justify denial of

11 leave to amend, the prejudice must be substantial).  While usually referred to simply

12 as prejudice, the prejudice to the opposing party must be undue or substantial

13 prejudice, since almost every amendment of a pleading will result in some practical

14 prejudice to the opposing party.  Genentech, 127 F.R.D. at 529 (allowing

15 amendment to assert new claims).

16     Protus cannot demonstrate undue prejudice.  The First Amended Complaint

17 asserts one additional cause of action based on the faxes that are already at issue in

18 this case.  The amendment does not change the fundamental issues of this case.

19 Protus also cannot demonstrate prejudice through the burden of additional

20 discovery.  **The already-produced faxes are the evidence needed to prove that**

21 **Protus violated 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. §64.1200(a)(3)(iv), as it**

22 **is apparent from the face of these faxes that they do not contain the requisite**

23 **opt-out notices.**

24     Thus, amending the complaint as j2 requests will cause not cause undue or

25 substantial prejudice to Protus.  It is j2 that will be prejudiced if it is not permitted to

26 amend its complaint as set forth herein.  If leave to amend were denied, j2 would be

27 forced to file a second suit against Protus or face the extreme prejudice of

28 preclusion.  Such a result would not promote the just or efficient resolution of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA

-9-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1  claims, and would be an impossible burden on this Court.  Leave to amend should

2  be granted since denying leave to amend prejudices j2 more than granting leave to

3  amend prejudices Protus.  "Any prejudice to the nonmovant must be weighed

4  against the prejudice to the moving party by not allowing the amendment." Bell v.

5  Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998).

6       **B.    The Proposed Amendment Is Not Made in Bad Faith.**

7       j2 is not seeking to amend in bad faith or for a dilatory tactic.  Indeed, as set

8  forth above, j2 could not have amended prior to being made aware of the grounds

9  for amendment – the Order in MSG Jewelers which was filed in July of 2008.  "The

10 Ninth Circuit has found that waiting until there is sufficient evidence of conduct

11 upon which claims of wrongful conduct are based is a satisfactory explanation for

12 delay." Compression Labs, Inc. v. Oklahoma State Univ. Educ. and Research

13 Found., Inc., 1995 WL 241438, at *2 (N.D. Cal. Apr. 19, 1995) (citing DCD

14 Programs, 833 F.2d at 187).

15      **C.    The Proposed Amendment Is Not Futile.**

16      j2's amendment is not futile.  An amendment is only futile when "it appears

17 beyond doubt" that the plaintiff could "prove no set of facts in support of his claim

18 which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

19 see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  If the

20 underlying facts or circumstances could possibly "be a proper subject of relief, [a

21 plaintiff] ought to be afforded an opportunity to test his claim on the merits."

22 Foman v. Davis, 371 U.S. 178, 182.  "[I]f, after reviewing the record, this court

23 finds a colorable . . . claim . . . it must reverse the district court's denial of leave to

24 amend." DCD Programs, 833 F.2d at 188.

25      Adding a claim for violations of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R.

26 §64.1200(a)(3)(iv) is not futile.  j2 received thousands of fax advertisements from

27 Protus that fail to include a notice that complies with the TCPA.  Thus, j2 can

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA                                              -10-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1    provide a set of facts in support of its claim which would entitle it to relief, and

2    leave to amend is appropriate.  Conley, 355 U.S. at 46-46.

3          **D.      Amendment Will Not Cause Undue Delay.**

4          As noted above, the amendment should not result in a substantial increase in

5    discovery, motion practice or otherwise work a substantial much less an "undue"

6    delay.  But, even if it did result in delays due to substantial additional discovery or

7    even a postponement of a the trial date, such delays alone are not sufficient reason to

8    deny leave to amend.  See Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529,

9    531 (N.D.Cal. 1989) ("Defendant asserts that the addition of the amendments in

10   issue would require it to depose numerous witnesses across the country who have

11   been previously questioned and would necessitate additional document searches and

12   written discovery. Defendant further argues that additional discovery will postpone

13   the trial date. Such delays do not constitute undue prejudice to the defendant.").  See

14   also United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) ("...delay alone no

15   matter how lengthy is an insufficient ground for denial of leave to amend.").

16         "Once a party seeking leave to amend has given a legitimate reason for

17   amendment, the burden shifts to the party opposing amendment to demonstrate why

18   leave to amend should not be granted" Advanced Cardiovascular Systems, Inc. v.

19   SciMed Life Systems, Inc., 989 F.Supp. 1237, 1241 (N.D. Cal. 1997) (citing Senza-

20   Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)).  Since j2 has shown a

21   legitimate reason to amend, the burden is now on Protus to demonstrate why leave

22   should not be granted.  Protus cannot meet this burden and the instant Motion

23   should therefore be granted.

24   **VI.   CONCLUSION.**

25         Based on the foregoing, Plaintiff j2 Global Communications, Inc. respectfully

26   requests that the Court enter an order (1) providing relief from the Scheduling Order

27   for the limited purpose of amending the Complaint to assert liability under newly

28   discovered grounds, and (2) allowing the filing of the attached First Amended

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA                -11-

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO 1) MODIFY THE
SCHEDULING ORDER; AND 2) AMEND
COMPLAINT

1 Complaint to allege liability under 47 U.S.C. §227(b)(2)(D) and 47 C.F.R.
2 §64.1200(a)(3)(iv).

3

4 Dated:  November 12, 2008                    ALLEN MATKINS LECK GAMBLE
                                                                    MALLORY & NATSIS LLP
5                                                               TODD E. WHITMAN
                                                                    CYNTHIA M. JARA
6

7                                                               By: _____
8                                                                      CYNTHIA M. JARA
                                                                        Attorneys for Plaintiff
9                                                                      j2 GLOBAL COMMUNICATIONS,
                                                                        INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

639079.01/WLA                                        -12-                    MEMORANDUM IN SUPPORT OF
                                                                                            PLAINTIFF'S MOTION TO 1) MODIFY THE
                                                                                            SCHEDULING ORDER; AND 2) AMEND
                                                                                            COMPLAINT