UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC., ,<br><br>              Plaintiff,<br><br>    v.<br><br>PROTUS IP SOLUTIONS; JOSEPH NOUR; SIMON NEHME; AND THOMAS J. MARTIN ,<br><br>              Defendants. | Case No. CV 06-00566 DDP (AJWx)<br><br>**ORDER GRANTING MOTION TO WITHDRAW JOHN C. BROWN AS CO-COUNSEL OF RECORD**<br><br>[Motion filed on November 12, 2008] |

    This matter comes before the Court on j2 Global's Motion to Withdraw John C. Brown as Co-Counsel of Record. After reviewing the materials submitted by the parties and hearing oral argument, the Court grants the motion.

    John C. Brown, Esq. and the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP filed the original complaint in this matter in January 2006. Brown and Allen Matkins have served as j2's co-counsel of record for the entirety of this action. Protus has taken the position that Brown has violated the Protective Order in this action, and the Court has previously expressed concerns to

that effect.  <u>E.g.</u>, John Brown Decl. ¶ 5; December 12, 2007 Order (Docket No. 323), at 3:17-19.  j2 now brings this motion to withdraw Brown as co-counsel of record in this case.  Both j2 and Brown have consented to Brown's withdrawal.  Protus does not oppose his withdrawal, but requests that the Court not construe that withdrawal as a cure for prior violations of the Protective Order.

"An attorney may not withdraw as counsel except by leave of court."  <u>Darby v. City of Torrance</u>, 810 F. Supp. 275, 276 (C.D. Cal. 1992); C.D. Cal. L.R. 83-2.9.2.1.  A court grants a motion for withdrawal of an attorney in its discretion.  <u>Kassab v. San Diego Police Dep't</u>, 2008 WL 251935 (S.D. Cal. 2008).  "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."  C.D. Cal. L.R. 83-2.9.2.4.

The Court grants j2's motion.  Because Allen Matkins has been involved in this case since its outset and will continue to represent j2 after Brown's withdrawal, any risk of delay as a result of Brown's withdrawal is minimal.  John Brown Decl. ¶ 2; Jara Decl. ¶¶ 2, 4.  Additionally, there is good cause for the withdrawal.  Because Protus has taken the position that Brown violated the Protective Order in this case, Brown's withdrawal may aid in alleviating concern about any future violation of the Protective Order.  Both Brown and j2 have agreed that Brown's withdrawal is in the best interests of j2 and this litigation.

This Court cannot issue advisory opinions, and its rulings are limited to the motion it has before it.  Accordingly, this Order is limited to j2's Motion to Withdraw Brown as Co-Counsel of Record.  The Court grants that Motion.  The Court makes no comment on

whether Brown or j2 previously violated or continue to violate the Protective Order in this case, or what the sanction for a violation should be.

IT IS SO ORDERED.


Dated: December 22, 2008

DEAN D. PREGERSON
United States District Judge