1  MARY ANN L. WYMORE (State Bar No. 126516)
   mlw@greensfelder.com
2  ERWIN O. SWITZER (*Pro Hac Vice*)
   eos@greensfelder.com
3  KEVIN F. HORMUTH (*Pro Hac Vice*)
   kfh@greensfelder.com
4  J. ANDREW WALKUP (*Pro Hac Vice*)
   aw@greensfelder.com
5  GREENSFELDER, HEMKER & GALE, P.C.
   10 South Broadway, Suite 2000
6  St. Louis, Missouri 63102-1774
   Tel: (314) 241-9090/Fax: (314) 345-5499
7
   MICHAEL C. TU (State Bar No. 186793)
8  mtu@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, California 90017
10 Tel: (213) 629-2020/Fax: (213) 612-2499

11 Attorneys for Defendant/Counter-Claimant Protus IP Solutions, Inc.

12
   MICHAEL BRUCE ABELSON (State Bar No. 130739)
13 mabelson@abelsonherron.com
   ELIZABETH E. ATLEE (State Bar No. 167262)
14 eatlee@abelsonherron.com
   LESLIE A. PEREIRA (State Bar No. 180222)
15 lpereira@abelsonherron.com
   ABELSON | HERRON LLP
16 333 S. Grand Ave., Suite 1550
   Los Angeles, California 90071
17 Tel: (213) 402-1900/Fax: (213) 402-1901

18 Attorneys for Plaintiff/Counter-Defendants j2 Global Communications, Inc.

19
20                    UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
21

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., | Case No. CV06–0566 DPP (AJWx) |
| Plaintiff, | JOINT REVISED STIPULATED ORDER REGARDING CONFIDENTIAL INFORMATION |
| v. | |
| PROTUS IP SOLUTIONS, INC., | Discovery Cut-off: Nov. 9, 2009 |
| Defendant. | Pre-Trial Conference: Feb. 22, 2010 |
| | Trial Date: March 2, 2010 |

IT IS HEREBY ORDERED BY THE COURT, based on the stipulation of the parties, that the parties may desire to determine through discovery in the above-captioned civil action ("the Action") certain information which contains or comprises confidential information (as defined hereinbelow) properly subject to protection under Rules 26(c)(2), (7) of the Federal Rules of Civil Procedure, and that disclosure of such confidential information shall be made on the following terms and conditions:

1. DEFINITIONS.

   1.1. As used herein, the term DOCUMENT or DOCUMENTS is intended to be comprehensive and includes any matter encompassed by Federal Rule of Civil Procedure 26 and other applicable rules of the Federal Rules of Civil Procedure.

   1.2. As used herein, the term CONFIDENTIAL INFORMATION means: (a) any type of information that has not been made public by a party or third party and the disclosure of which the disclosing party contends would cause substantial harm to the disclosing party's business operations or interests, including but not limited to, CUSTOMER INFORMATION (as defined below); (b) information deemed to be trade secret under the Uniform Trade Secrets Act including, but not limited to, California Civil Code, § 3426.1(d); (c) data derived from such information, including any summaries, compilations, quotes, or paraphrases thereof; and (d) information designated pursuant to Paragraphs 2.1 and 2.2 hereunder.

   1.3 As used herein, the term CUSTOMER INFORMATION means any information that identifies the name, contact, address, billing information, telephone number, fax number, e-mail address or other personal identifying information of a customer of a party.

2. DESIGNATION OF CONFIDENTIAL INFORMATION.

   2.1. Any party or third party may protect information it believes constitutes CONFIDENTIAL INFORMATION, or any portion thereof, produced or obtained in this Action by designating such information as "Confidential" or "Confidential: Attorneys' Eyes Only" as follows:

      (a) **Documents**. In the case of DOCUMENTS, by any one of the following means: (i) stamping such DOCUMENTS with the legend, "Confidential" or "Confidential: Attorneys' Eyes Only" prior to or at the time of disclosure; or (ii) sending written notice designating any DOCUMENTS produced by any other party or third party as "Confidential" or "Confidential: Attorney's Eyes only" within fourteen (14) days of receipt of such DOCUMENTS. Until the expiration of the 14-day period, all documents produced shall be treated as "Confidential: Attorneys' Eyes Only."

      (b) **Testimony**. In the case of testimony, by any one of the following means: (i) stating orally on the record of the deposition or hearing that certain information, testimony or exhibits are "Confidential" or "Confidential: Attorneys' Eyes Only"; or (ii) sending written notice designating such information, testimony or exhibits as "Confidential" or "Confidential: Attorneys' Eyes Only" within fourteen (14) days of receipt of the transcript of the testimony. Until the expiration of the 14-day period, all information, testimony and/or exhibits produced shall be treated as "Confidential: Attorneys' Eyes Only."

      (c) **Other Materials**. In the case of CONFIDENTIAL INFORMATION disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to give clear notice of the designation. Such designation is deemed to apply to the object itself and to the CONFIDENTIAL INFORMATION contained therein.

    2.2. Documents, testimony or other information, or any portion thereof, produced in this Action by any person or entity other than a party in this Action may be designated as "Confidential" or "Confidential: Attorneys' Eyes Only" by any party to this Action by any one of the means specified above in Paragraph 2.1., upon which such designated information shall be treated as CONFIDENTIAL INFORMATION hereunder.

    2.3. CONFIDENTIAL INFORMATION designated as "Confidential" or "Confidential: Attorneys' Eyes Only" shall be used only as provided in this Order, and solely for the purposes of preparing for and conducting the Action and not for the purpose

of any other action or proceeding, except with prior written consent of counsel for the designating party or with the prior Order of the Court upon notice to the designating party and opportunity to be heard.

2.4. In determining whether information may be designated "Confidential" or "Confidential: Attorneys' Eyes Only", the parties shall apply the following guidelines, in addition to any other guidelines that may be set forth above:

2.4.1. The parties and third parties shall use reasonable care to avoid designating any materials as "Confidential" or "Confidential: Attorneys' Eyes Only" that are not entitled to such designation or that are generally available to the public. CONFIDENTIAL INFORMATION may be designated as "Confidential: Attorneys' Eyes Only" if it is of such a highly sensitive private, financial, commercial, technical or competitive nature that disclosure thereof without the protections of this Order would provide an unfair competitive advantage or create a risk of serious injury that could not be avoided by less restrictive means.

2.4.2. This Order applies to all discovery responses and other materials containing information designated as "Confidential" or "Confidential: Attorneys' Eyes' Only" in accordance with this Order, whether such disclosure is by order of the Court, in response to any discovery undertaken in this Action, or by any other manner.

2.5. A designation pursuant to this Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention CONFIDENTIAL INFORMATION shall come unless and until otherwise ordered by the Court or stipulated by all parties to this Action.

3. DEPOSITIONS.

3.1. With respect to the examination of witnesses upon oral deposition, when CONFIDENTIAL INFORMATION designated hereunder as "Confidential" or "Confidential: Attorneys' Eyes Only" is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on CONFIDENTIAL INFORMATION designated as "Confidential" or "Confidential: Attorneys' Eyes Only", the deposition

1  reporter and/or videotape operator shall be informed of this Order by the party or third
2  party seeking to invoke its protection, and will be required to sign the Non-Disclosure
3  Agreement attached hereto as Exhibit A. The portion of the deposition that reflects such
4  CONFIDENTIAL INFORMATION designated as "Confidential" or "Confidential:
5  Attorneys' Eyes Only" shall be bound in separate transcripts (and recorded on separate
6  videotapes, if the deposition is videotaped). The reporter and/or videotape operator shall
7  then place on the cover of any such separate transcript or videotape the words
8  "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS CONFIDENTIAL –
9  ATTORNEYS' EYES ONLY INFORMATION." Counsel for the parties shall then take
10 appropriate steps to prevent such separate transcripts or videotapes designated
11 "Confidential" or "Confidential – Attorneys' Eyes Only" from being disclosed to any
12 person, except as provided in this Order.

13      3.2.    If CONFIDENTIAL INFORMATION designated "Confidential" or
14 "Confidential: Attorneys' Eyes Only" is to be discussed or disclosed in a deposition, any
15 party or third party claiming such designation may exclude from the room any person who
16 is not entitled to receive or see such designated information during that portion of the
17 deposition in which the information designated as "Confidential" or "Confidential:
18 Attorneys' Eyes Only" is actually discussed or disclosed.

19  4.    DEPONENTS AND THIRD PARTY WITNESSES BOUND BY THIS ORDER.
20      Each deponent or third party witness to whom any party proposes to disclose at a
21 deposition, trial, or other proceeding information designated as "Confidential" or
22 "Confidential: Attorneys' Eyes Only" shall be given a copy of this Order and informed of
23 its contents. Prior to disclosure of any information designated "Confidential" or
24 "Confidential: Attorneys' Eyes Only," such witness must sign a Non-Disclosure
25 Agreement in the form attached hereto as Exhibit A and, upon such signing, such
26 deponent or witness will be bound by the obligations of confidentiality and non-disclosure
27 as set forth in this Order.
28

5. DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION.

5.1. All CONFIDENTIAL INFORMATION designated hereunder as "Confidential" or "Confidential: Attorneys' Eyes Only" shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person except as provided in this Order.

5.2. Access to CONFIDENTIAL INFORMATION designated as "Confidential," and any copies thereof, and any information obtained from inspecting such CONFIDENTIAL INFORMATION and notes made therefrom, shall be limited to the following persons:

5.2.1. The executive officers of the parties to the Action, as well as those employees of the parties who have a reasonable need of access to the information to assist their attorneys in the Action; provided, however, that no such person shall be a former employee of the other party or a former counsel of record in this Action.

5.2.2. Outside counsel of record in the Action, including those lawyers and paralegals regularly employed by the law firms of outside counsel of record in the Action, in-house counsel, Andrea Girones, and their support personnel, including outside support personnel. Persons providing investigative services or substantive input to a party under no circumstances shall be deemed support personnel. Furthermore, no support personnel hereunder may be a former or present employee of the other party or a former counsel of record in the Action.

5.2.3. **[IN DISPUTE]**

5.2.4. **[IN DISPUTE]**

5.2.5. The Court, jury, court personnel, court reporters, and similar personnel.

5.2.6. Any other person with the prior written consent of the designating party or prior order of the Court.

5.3 Access to CONFIDENTIAL INFORMATION designated as "Confidential: Attorneys' Eyes Only," and any copies thereof, and any information

1 obtained from inspecting such CONFIDENTIAL INFORMATION and notes made
2 therefrom, shall be limited to the following persons:

3     5.3.1. Outside counsel of record in the Action, including those lawyers and
4 paralegals regularly employed by the law firms of outside counsel of record in the Action,
5 and their support personnel, including outside support personnel. Persons providing
6 investigative services or substantive input to a party under no circumstances shall be
7 deemed support personnel. Furthermore, support personnel may under no circumstances
8 include a former or present employee of, or have any ownership interest in, any of the
9 parties to the Action, or a former counsel of record in the Action.

10     5.3.2. **[IN DISPUTE]**

11     5.3.3. Witnesses at deposition and/or at trial, to the extent necessary to the
12 testimony of such witnesses. If, however, the deponent is a party to this action, or a
13 present or former employee of a party to this action, the parties shall meet and confer prior
14 to showing the deponent the material designated as "Confidential: Attorneys' Eyes' Only"
15 in a good faith effort to allow the deponent to provide all necessary testimony. In the
16 event the parties are unable to resolve the issue themselves at the deposition, the deponent
17 shall not be shown the material designated as "Confidential: Attorneys' Eyes' Only"
18 (hereinafter, "DISPUTED MATERIAL") and, at the option of the party seeking to show
19 the deponent the DISPUTED MATERIAL, the deposition shall be deemed unfinished and
20 held open. Thereafter, the party seeking to show the deponent the DISPUTED
21 MATERIAL may bring a motion seeking a court order permitting it to show the deponent
22 the DISPUTED MATERIAL.

23     5.3.4. The Court, jury, court personnel, court reporters, and similar
24 personnel.

25     5.3.5. Any other person with the prior written consent of the designating
26 party or prior order of the Court.

27     5.5. With the exception of (1) the Court, jury, court personnel, court reporters,
28 and similar personnel, and (2) outside counsel of record in the Action, including those

lawyers and paralegals regularly employed by the law firms of outside counsel of record in the Action, in-house counsel, Andrea Girones, and their respective employee support personnel, each person being given access to information designated as "Confidential" or "Confidential: Attorneys' Eyes' Only," shall acknowledge in writing his or her familiarity with the terms of this Order and execute a Non-Disclosure Agreement in the form of Exhibit A, attached hereto.

  5.6. Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains CONFIDENTIAL INFORMATION, whether designated "Confidential" or "Confidential: Attorneys' Eyes' Only," to the person whom the document identifies as an author, addressee, or recipient of such document.

6. FILING OR LODGING UNDER SEAL.

  6.1 If any party seeks to file or lodge with the Court any documents, including deposition transcripts or videotapes, that contain CONFIDENTIAL INFORMATION, designated "Confidential" or "Confidential: Attorneys' Eyes Only," such materials to be filed or lodged under seal shall be filed or lodged in compliance with United States District Court, C.D. Cal., Local Rule 79-5.

  6.2 With respect to any captioned document presented to the Court, including any attachments or exhibits or the like presented with such captioned document (collectively, "Filed Documents"), other than by joint stipulation, only those specific portions of such Filed Documents that contain CONFIDENTIAL INFORMATION shall be treated as CONFIDENTIAL INFORMATION. In such case, the party seeking such designation shall provide the other party a copy of such Filed Documents redacting out only such CONFIDENTIAL INFORMATION, which redacted Filed Documents shall not be entitled to any designation.

7. CHALLENGING A DESIGNATION.

  7.1. In the event that counsel of record for any party at any time believes that documents or information designated by another party or a third party as "Confidential" or "Confidential: Attorneys' Eyes' Only," should not be so designated, or that a different

designation should be employed, such counsel shall so notify the designating party in writing. Counsel of record for the complaining and designating parties then shall meet and confer in good faith concerning such disputed designation within fourteen (14) days of receipt of the notice. If agreement is not reached within those fourteen (14) days, the complaining party may file a motion requesting that the Court order the removal of the designating party's designation or order a different designation. In such a proceeding, the designating party bears the burden of showing good cause with respect to the maintenance of any challenged designation. The designated confidential information shall be subject to and protected by this Order under the designation assigned by the designating party until the Court has ruled on any such motion. If any party takes a writ or appeal from the Court's ruling on any such motion, that party may apply for a stay pending determination of the writ or appeal. The Court may impose any appropriate sanction against any party, person, or attorney who unsuccessfully makes or opposes such a motion, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

    7.2.    No party shall be obliged to challenge the propriety of a designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

8. **INADVERTENT DISCLOSURE**.

    8.1.    The inadvertent failure or opportunity to designate a DOCUMENT, object or other information "Confidential" or "Confidential: Attorneys' Eyes' Only" as such under this Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as such within thirty (30) days after such disclosure or after notice of such disclosure, whichever is later.

    8.2.    In the event that a DOCUMENT, object or other information is designated as "Confidential" or "Confidential: Attorneys' Eyes' Only" after disclosure but within the thirty (30) day period allowed under Paragraph 8.1., the receiving party shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently

treated as "Confidential" or "Confidential: Attorneys' Eyes' Only," as applicable, pursuant to the terms of this Order.

9. <u>MISCELLANEOUS</u>.

    9.1. The parties agree not to use each other's CUSTOMER INFORMATION to contact such customers; however, nothing herein shall prevent a party from contacting customers using information that is publicly available or independently obtained from sources other than CONFIDENTIAL INFORMATION produced in the Action. Furthermore, nothing herein shall prevent outside counsel of record in the Action from contacting such customers, but any such contact shall only be for purposes of the Action.

    9.2. Documents designated "Confidential" or "Confidential: Attorneys' Eyes' Only" shall be maintained in the custody of outside counsel of record in the Action except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such documents may be retained by consultants entitled to see such documents under the terms of this Order to the extent necessary for their study, analysis, and preparation of the case. A person with custody of documents designated "Confidential" or "Confidential: Attorneys' Eyes' Only" shall maintain them in a manner that limits access to those documents to only those persons entitled under this Order to examine them.

    9.3. Unless counsel agree otherwise in writing, at the conclusion of the Action, whether by settlement or final decision of the Court of last resort, all copies of any documents, other than attorney work product, designated or containing or derived from information designated as "Confidential" or "Confidential: Attorneys' Eyes' Only" produced by a party or third party shall be destroyed or returned to the party or third party producing such documents or writings. Notwithstanding the foregoing, outside counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining information as set forth in Paragraph 9.1.

9.4. The provisions of this Order apply to all proceedings in the Action, including all appeals, arbitrations, and proceedings upon remand.

9.5. These obligations of confidentiality and non-disclosure shall survive the conclusion of the Action unless and until otherwise ordered by the Court, or until the parties to the Action stipulate that designated confidential information can be disclosed.

9.6. No party waives any objections it might have to the production of any documents or information covered by this Order.

9.7. No party to the Action, by designating certain information as "Confidential" or "Confidential: Attorneys' Eyes Only" under this Order, or by acquiescing in any other party's or third party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.

9.8. The designation of information as "Confidential" or "Confidential: Attorneys' Eyes' Only" is not admissible before any trier of fact.

9.9. The Court retains jurisdiction even after termination of the Action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the Order as the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Order or seeking further protection against disclosure or use of information designated "Confidential" or "Confidential: Attorneys' Eyes Only."

9.10. The parties shall confer at or before the time their objections to trial exhibits are due to be served on the opposing party regarding the use of "Confidential" or "Confidential: Attorneys' Eyes Only" material at trial and agree to present to the Court any disputes regarding the use of any exhibits containing these designations at trial.

9.11. This Order shall not limit either party from using or disclosing information designated as CONFIDENTIAL INFORMATION, including

CUSTOMER INFORMATION, of or about a party or third party that, by virtue of the acts of the party or third party regarding whom such information is about or to whom such information belongs, is generally available to the public or becomes generally available to the public.

9.12. In the event that anyone shall violate or threaten to violate any term of this Order, unless the aggrieved party believes there is an immediate threat of irreparable harm, the parties agree to attempt to confer in good faith within seven (7) days of the aggrieved party gaining knowledge of the alleged violation or potential violation, in an effort to resolve such violation (or potential violation) of the terms of this Order. If the parties are unable to resolve the dispute, the aggrieved party may thereafter move the Court to obtain relief against any such person or entity. In the event the aggrieved party believes the violation or the threatened violation of this Order constitutes an immediate threat of irreparable harm, the aggrieved party immediately may move the Court to obtain relief without the need to meet and confer regarding the request for relief.

9.13. This Protective Order is prospective in its application beginning on the date of entry by the Court.

| | | |
|---|---|---|
| 1 | Dated: March __, 2009 | Respectfully submitted, |
| 2 | | ABELSON \| HERRON LLP<br>MICHAEL BRUCE ABELSON<br>ELIZABETH E. ATLEE<br>LESLIE A. PEREIRA |
| | | By _____<br>      Michael Bruce Abelson |
| | | Attorneys for Plaintiff<br>j2 Global Communications, Inc. |
| | | GREENSFELDER, HEMKER & GALE, P.C.<br>MARY ANN L. WYMORE<br>ERWIN O. SWITZER<br>KEVIN F. HORMUTH<br>J. ANDREW WALKUP |
| | | By _____<br>      Mary Ann L. Wymore |
| | | Attorneys for Defendant<br>Protus IP Solutions, Inc. |

IT IS SO ORDERED:

_____
United States Magistrate Judge
Andrew J. Wistrich

## ATTACHMENT "A"
## NON-DISCLOSURE AGREEMENT

I, the undersigned, do swear that I am familiar with the terms of the Protective Order ("Order") entered in the matter entitled <u>j2 Global Communications, Inc. v. Protus IP Solutions, Inc.</u>, in the United States District Court for the Central District of California, Case No. CV06–0566 DDP (AJWx) ("Action"), and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further order of this Court.

I will not disclose to any individuals, other than those specifically authorized by the Court, any information designated as "Confidential" or "Confidential: Attorneys' Eyes Only" pursuant to the Order which is disclosed to me; will not copy, use or disclose any information designated as "Confidential" or "Confidential: Attorneys' Eyes Only" except for the purpose of the Action and/or any rights of any of the parties under state or Federal law; will not solicit any business from any identified customers, unless I am presently doing business with them; and will not interfere with the business operations of the other party(ies).

I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


Dated this _____ Day of _____, 20___,


Signature: _____


Printed Name:

_____

1117486v5